**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re:<br><br>THE MEMBERS OF THE *AD HOC* COMMITTEE OF PREFERRED AND EQUITY SECURITY HOLDERS,<br><br>    Petitioners. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 06-136 (JPF) |
| In re:<br><br>OWENS CORNING, *et al.*,<br><br>    Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 11<br>Case No. 00-3837 (JKF)<br>(Jointly Administered)<br><br>United States Bankruptcy Court for the District of Delaware (Fitzgerald, J., sitting by designation) |

**REPLY OF THE MEMBERS OF THE *AD HOC* COMMITTEE
OF PREFERRED AND EQUITY SECURITY HOLDERS TO THE
DEBTORS' OBJECTION TO THE PETITION FOR ENTRY OF AN
<u>ORDER PROVIDING FOR RELIEF IN THE NATURE OF MANDAMUS</u>**

The members of the *ad hoc* committee of preferred and equity security holders (the "<u>*Ad Hoc* Committee</u>"), by and through their undersigned counsel, respectfully submit this reply to the objection (the "<u>Objection</u>") of Owens Corning and related debtors (collectively, the "<u>Debtors</u>") to the *Ad Hoc* Committee' petition for entry of an order providing for relief in the nature of mandamus (the "<u>Petition</u>").[1] In further support thereof, the *Ad Hoc* Committee respectfully states as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Petition. The *Ad Hoc* Committee hereby relies upon and incorporates herein by reference the Petition.

## I. THE DEBTORS USE THEIR OBJECTION TO OBFUSCATE THE ISSUES RAISED BY THE PETITION

1.  In an effort to mask the glaring weaknesses of their position, the Debtors use the bulk of their Objection to attack the *Ad Hoc* Committee's alleged motivation to "delay" the Debtors' fifth reorganization plan (the "Plan"), which proposes to wipe out the Debtors' shareholders. The Debtors' attack is completely irrelevant to adjudicating the Petition and, in any event, is unsupported by the record.

2.  In fact, the Plan is non-consensual. Indeed, a group of bondholders that collectively holds 48% of the $1.4 billion of bond debt and other parties have lodged objections to the Plan. See Bankruptcy Court docket no.s 17147, 17150, 17151, 17152, 17153, 17154, and 17157. As these objections make clear, the Plan is patently unconfirmable for numerous reasons including, *inter alia*, the Debtors' lack of good faith in prosecuting a Plan that fails to include a mechanism that accounts for potential enactment of the Fairness in Asbestos Injury Resolution Act of 2005 or similar legislation (the "FAIR Act") that unquestionably would reduce by billions of dollars the Debtors' asbestos-related liabilities. Other debtors facing large asbestos liabilities, by contrast, have incorporated just such a mechanism in their plans. See In re The Babcock & Wilcox Co., et al., No. 00-10992 (Bankr. E.D. La.) (confirmed reorganization plan); In re USG Corp. et al., Case No. 01-2094 (JKF) (Bankr. D. Del.) (proposed reorganization plan). In short, by failing to include such a mechanism, the Debtors' Plan would unjustifiably fail to maximize estate value for all constituents by awarding a windfall of billions of dollars in favor of the Debtors' asbestos creditors, with whom the Debtors have been aligned since the outset of their bankruptcy cases.[2]

---

[2] Perhaps to protect their potential windfall recovery, the official committee of asbestos claimants and the representative of future asbestos claimants have joined in the Objection. No other party in interest, however, has objected to the Petition.

3.      The *Ad Hoc* Committee has pursued its Motion, not to delay the plan confirmation process (notwithstanding the Debtors' venomous rhetoric to the contrary), but rather to assure participation in the plan confirmation process and, thereby, to facilitate confirmation of a truly consensual and confirmable reorganization plan within a reasonable time-frame. Such motivations are, as the applicable case law teaches, appropriate in seeking a shareholders' meeting. See In re Johns-Manville Corp., 801 F.2d 60, 65 (2d Cir. 1986) ("the shareholders' desire for leverage is not a basis for denying them an election, so long as leverage means only the improvement of their bargaining position or the assurance of their participation in negotiations"). In other words, the *Ad Hoc* Committee does not seek to delay confirmation of the Plan until the FAIR Act passes, but rather to insure, *inter alia*, that the Plan contains an appropriate mechanism that takes into account potential passage of the FAIR Act after the effective date of the Plan. If Owens Corning conducts a shareholders' meeting, a new board of directors elected during such meeting could easily incorporate into the Debtors' existing Plan such an appropriate mechanism, thereby maximizing estate value for all constituents. Such a good faith effort by a new Owens Corning board would undoubtedly help to correct certain of the Plan's glaring confirmation problems and, thereby, avoid unnecessary delay and litigation over the Plan.

4.      The remainder of the Objection, as discussed below, is without merit.

## II.    THE *AD HOC* COMMITTEE HAS A CLEAR AND INDISPUTABLE RIGHT TO RELIEF

5.      By its Motion, the *Ad Hoc* Committee sought confirmation that the automatic stay does not apply to an action it intends to bring in Delaware Chancery Court to compel a long-overdue shareholders' meeting, or, in the alternative, relief from the automatic stay to do so. The Bankruptcy Court, however, refused to adjudicate the Motion. Instead, without entering an

order, the Bankruptcy Court directed the Debtors to continue the Motion from month-to-month and compounded its error by advising that the automatic stay applies to bar the proposed Delaware Chancery Court action, thereby effectively enjoining further action by the *Ad Hoc* Committee.

6. In their Objection, the Debtors argue that the Bankruptcy Court's failure to adjudicate the Motion was warranted because the Debtors are purportedly insolvent. Such an argument is manifestly irrelevant. Nothing in Bankruptcy Code Section 362 makes the automatic stay or a request for stay relief dependent on a debtor's solvency or insolvency. To the contrary, long-established case law authority holds that a shareholder's corporate governance rights – including the right to vote out a debtor's directors – subsist notwithstanding a debtor's bankruptcy. See In re Marvel Entertainment Group, 209 B.R. 832 (D. Del. 1997). And, in any event, a debtor's insolvency alone cannot, as a matter of law, defeat a Delaware Chancery Court action seeking to compel the debtor to hold a shareholders' meeting. See Saxon Indus., Inc. v. NKFW Partners, 488 A.2d 1298, 1300 (Del. 1985). None of the cases on which the Debtors rely contradict these clear and unequivocal legal principles and their applicability here.[3]

---

[3] The Debtors' reliance (see Objection at 17-18) on Johns-Manville and similar cases to argue that their purported insolvency justifies the Bankruptcy Court's refusal to adjudicate the Motion is clearly misplaced. Johns-Manville concerned a request by a debtor to enjoin an action to compel a debtor to hold a shareholders' meeting, and not the applicability of the automatic stay or the refusal to adjudicate a stay relief motion. See Johns-Manville, 801 F.2d at 63. Indeed, the Johns-Manville cases focused on the issue of whether an action to compel a shareholders' meeting should be enjoined because the action constituted "clear abuse," which issue, of course, has nothing to do with the automatic stay or the Motion before the Bankruptcy Court. See id. at 64. See also Marvel, 209 B.R. at 838 (holding that automatic stay is not implicated by shareholders' exercise of corporate governance rights because otherwise there would have been no need for the Johns-Manville (and other) courts, in the context of considering injunction requests, to address whether an action to compel a shareholders' meeting constituted "clear abuse"). Perhaps most importantly, the commentary in Johns-Manville regarding the insolvency issue was *dicta*. See Johns-Manville, 801 F.2d at 65, n. 6; Marvel, 209 B.R. at 840. In any event, there is no "clear abuse" here given that a shareholders meeting will assist, not delay, a consensual reorganization of the Debtors within a reasonable time. And the Debtors' reliance on In re Bicoastal Corp., 1989 Bankr. LEXIS 2046 (Bankr. M.D. Fla. November 21, 1989), is clearly suspect as its reasoning was expressly rejected by the United States District Court for the District of Delaware in Marvel, 209 B.R. at 839-840.

4

7. Even assuming *arguendo* that the automatic stay applies to bar a Delaware Chancery Court action to compel Owens Corning to conduct a shareholder meeting, Bankruptcy Code Section 362(e) required the Bankruptcy Court to enter an order within 30 days of the January 30 Hearing either adjudicating the Motion or (together with specific findings) continuing the hearing on the Motion for a specific time. See 11 U.S.C. § 362(e); In re Wedgewood Realty Group, Ltd., 878 F.2d 693, 697 (3d Cir. 1989). Indisputably, the Bankruptcy Court failed to enter any order. Accordingly, the *Ad Hoc* Committee is clearly and indisputably entitled to the relief requested in the Petition.

### III. THERE CAN BE NO QUESTION THAT THE *AD HOC* COMMITTEE HAS NO OTHER ADEQUATE MEANS TO ATTAIN RELIEF

8. The Bankruptcy Court has not entered an order that addresses the Motion. As a result, the *Ad Hoc* Committee has no ability to appeal or to seek reconsideration of the Bankruptcy Court's disposition of the Motion. Moreover, the Bankruptcy Court's advisory statements that the automatic stay applies has in effect improperly enjoined the *Ad Hoc* Committee from pursuing its rights. Accordingly, the *Ad Hoc* Committee has no other adequate means to attain the desired relief requested in the Petition.

9. Incredibly, the Debtors argue (see Objection at 22) that the *Ad Hoc* Committee has adequate alternative means because it can simply wait for the Bankruptcy Court to decide the Motion at a later hearing. Such an argument is clearly without merit. The Debtors are continuing to prosecute their Plan which improperly seeks to wipe out shareholders (and other constituents), and would render the relief sought in the Motion moot. The Plan is scheduled for a confirmation hearing starting on July 10, 2006. Under these circumstances, continued delay in adjudicating the Motion is clearly not an adequate means for relief for the *Ad Hoc* Committee. And Bankruptcy Code Section 362(e), as described above, clearly required the Bankruptcy Court

(particularly given its views regarding the applicability of the automatic stay) to enter an order either adjudicating or continuing the Motion.

10. As their fall-back position (see Objection at 22-24), the Debtors contend that Section 362(e) may only be relied on by secured creditors and not by equity security holders. Such contention is without merit. Bankruptcy Code Section 362(e) is not limited to requests for stay relief made by secured parties. Rather, Section 362(e) clearly and unequivocally states that it applies to "a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section." 11 U.S.C. § 362(e) (emphasis supplied).[4]

11. Moreover, the Bankruptcy Court stated as follows during the January 30 Hearing:

> I want to add one comment, please, with respect to § 362. The property of the debtor and how the debtor distributes property is a property right of the estate. The debtor's fiduciary obligations with respect to its creditors and how it is going to treat those creditors is something that the automatic stay is intended to enhance and to protect. Therefore, an effort to attempt to take control of a board so that the board's going to require the debtor to do something other than what the estate as an estate as opposed to its shareholder constituency feels is proper, is an act to control the property of the estate and the debtor itself, and it is definitely covered by 362 in that sense.

See January 30 Transcript, at 103-104 (emphasis supplied). Indeed, the Debtors themselves argued that the proposed shareholder meeting action constituted an act against property of the estate. Given the express language of Section 362(e), which applies to requests for stay relief of any act against estate property, and the Bankruptcy Court's express view that the Motion

---

[4] The Debtors' reliance (see Objection at 23-24) on stray statements in the legislative history and in the case law is unavailing. Such statements do not stand for the proposition that Section 362(e) only protects secured parties to the exclusion of other parties seeking stay relief to act against estate property. In any event, such a proposition is directly contradicted by the express language of Section 362(e), which applies to "a request … for relief from the stay of any act against property of the estate … ." See Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000) (the sole function of the courts is to enforce the statutory text according to its terms).

constituted just such a request, Section 362(e) required the Bankruptcy Court to enter an order either adjudicating the Motion or continuing the Motion for a specific time (with required supporting findings).

### IV.  THE COURT SHOULD GRANT THE PETITION

12.  As described above and in the Petition, the *Ad Hoc* Committee undoubtedly has a clear and indisputable right to the relief requested in the Petition and no other adequate means to attain it.  See In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001); Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992).  Further, the Bankruptcy Court has failed to exercise its judicial power, which alone constitutes ample grounds for granting the Petition.  See In re Sharon Steel Corp., 918 F.2d 434, 436 (3d Cir. 1990) ("[w]e may therefore issue a writ when the court below has committed a clear error of law that approaches the magnitude of a failure to use judicial power").  And notwithstanding the Debtors' cursory argument to the contrary, the *Ad Hoc* Committee is undoubtedly irreparably harmed (even assuming *arguendo* that "irreparable harm" needs to be shown for the Petition to be granted) because the relief requested in the Motion will become moot if the Plan (currently scheduled for Confirmation hearings beginning July 10, 2006) is confirmed before the Motion is adjudicated.  Accordingly, the Court should grant the Petition.

## V.     CONCLUSION

For the foregoing reasons, this Court should (a) overrule the Objection, (b) grant the Petition, (c) direct the Bankruptcy Court to enter an order or a judgment adjudicating the Motion, and (d) grant to the *Ad Hoc* Committee such other and further relief as is just and appropriate under the circumstances.

Dated: March 21, 2006
       Wilmington, Delaware

CONNOLLY BOVE LODGE & HUTZ LLP

**/s/ Marc J. Phillips**
Jeffrey C. Wisler (No. 2795)
Christina M. Thompson (No. 3976)
Marc J. Phillips (No. 4445)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 888-6258

    - and -

BROWN RUDNICK BERLACK ISRAELS LLP
Edward S. Weisfelner, Esq.
Robert J. Stark, Esq.
Seven Times Square
New York, New York 10036
(212) 209-4800

    - and -

Anthony L. Gray, Esq.
John C. Elstad, Esq.
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200

CO-COUNSEL TO THE *AD HOC* COMMITTEE

#454239v1

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 21st day of March, 2006, I caused a copy of the **Reply of the Members of the *Ad Hoc* Committee of Preferred and Equity Security Holders to the Debtors' Objection to the Petition for Entry of an Order Providing for Relief in the Nature of Mandamus** to be served as indicated upon the following parties.

**BY HAND DELIVERY**

Norman L. Pernick, Esq.
J. Kate Stickles, Esq.
Saul Ewing LLP
222 Delaware Avenue
Wilmington, DE 19801

James L. Patton, Jr., Esq.
Sean T. Greecher, Esq.
Edwin Harron, Esq.
Sharon Zieg, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801

Francis A. Monaco, Jr., Esq.
Monzack & Monaco, P.A.
1201 Orange Street, Suite 400
Wilmington, DE 19801

Richard W. Riley, Esq.
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801

Marla R. Eskin, Esq.
Mark T. Hurford, Esq.
Campbell & Levine, LLC
800 North King Street, Suite 300
Wilmington, DE 19801

David M. Klauder, Esq.
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801

William H. Sudell, Jr., Esq.
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19801

Richard Cobb, Esq.
Rebecca Butcher, Esq.
Landis, Rath & Cobb LLP
919 Market Street, Suite 600
Wilmington, DE 19801

**BY TELEFAX AND FIRST CLASS U.S. MAIL**

| | |
|---|---|
| Larry Nyhan, Esq. | Jane W. Parver, Esq. |
| James F. Conlan, Esq. | Andrew A. Kress, Esq. |
| Jeffrey C. Steen, Esq. | Edmund M. Emrich, Esq. |
| Sidley Austin LLP | Kaye Scholer LLP |
| 1 South Dearborn Street | 425 Park Avenue |
| Chicago, IL 60603 | New York, NY 10022 |
| | |
| Charles O. Monk, II, Esq. | Peter Van N. Lockwood, Esq. |
| Jay A. Shulman, Esq. | Caplin & Drysdale, Chartered |
| Saul Ewing LLP | One Thomas Circle, N.W. |
| Lockwood Place, 500 East Pratt Street | Washington, D.C. 20005 |
| Baltimore, MD 21202 | |
| | |
| J. Andrew Rahl, Jr., Esq. | Lewis Kruger, Esq. |
| John B. Berringer, Esq. | Kenneth Pasquale, Esq. |
| Howard D. Ressler, Esq. | Denise K. Wildes, Esq. |
| Anderson Kill & Olick, P.C. | Stroock & Stroock & Lavan LLP |
| 1251 Avenue of the Americas | 180 Maiden Lane |
| New York, NY 10020 | New York, NY 10038 |
| | |
| William S. Katchen, Esq. | Elihu Inselbuch, Esq. |
| Duane Morris LLP | Caplin & Drysdale, Chartered |
| 744 Broad Street, Suite 1200 | 375 Park Avenue, 35th Floor |
| Newark, NJ 07102 | New York, NY 10152 |
| | |
| James I. McClammy, Esq. | Martin Bienenstock, Esq. |
| Davis Polk & Wardell | Weil Gotshal & Manges LLP |
| 450 Lexington Avenue | 767 Fifth Avenue |
| New York, NY 10017 | New York, NY 10153 |

**BY FIRST CLASS U.S. MAIL**

The Honorable John P. Fullam
Senior United States District Judge
The United States District Court
   for the Eastern District of Pennsylvania
United States Courthouse, Room 15614
601 Market Street
Philadelphia, PA 19106-1780

 

                                      **/s/ Marc J. Phillips**
                                      Marc J. Phillips (No. 4445)

#454138