IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 00-3837 |
| | : | |
| OWENS CORNING | : | Chapter 11 |
| | : | |
| | : | |
| IN RE: THE MEMBERS OF THE AD HOC | : | |
| COMMITTEE OF PREFERRED AND | : | |
| EQUITY SECURITY HOLDERS | : | Civil Action No. 06-cv-00136-JF |

MEMORANDUM AND ORDER

Fullam, Sr. J.                                                                                                   March 23, 2006

A group of six corporate entities constituting "The *Ad Hoc* Committee of Preferred and Equity Security Holders," the owners of approximately 16% of the outstanding stock of Owens Corning, applied to the Bankruptcy Court in December 2005 for a ruling which would enable it to prosecute an action in the Delaware Court of Chancery to require the debtor to hold a shareholders' meeting. At the hearing on this application on January 30, 2006, the Bankruptcy Court deferred ruling until the following month's hearing; and, since then, has deferred ruling from month to month, pending possible action by Congress with respect to the pending "FAIR Act," which addresses the overall problem of asbestos personal injury cases. The bankruptcy judge noted that, unless a legislative solution is provided, the present equity holders cannot possibly receive any distribution from the bankrupt estate, hence the committee's application would be moot. In the course of its discussion of the matter, the Bankruptcy Court expressed the tentative view that the *ad hoc* committee could not bring an action in the Delaware Court of Chancery without first obtaining relief from the automatic stay.

When the Bankruptcy Court declined to render a final decision at the February meeting, the *ad hoc* committee petitioned this court "for entry of an order providing for relief in the nature of mandamus," seeking to have this court order the bankruptcy judge to resolve the matter. I decline to do so, for several reasons.

In the first place, the petition requests this court to interfere with the discretion vested in the bankruptcy judge, and to prematurely involve itself in scheduling matters. There is, in my view, simply no justification for such a departure from the normal and orderly handling of bankruptcy matters.

In the second place, the bankruptcy judge has announced an intention to dispose of the matter in April. Petitioner has not established a realistic possibility of prejudice by virtue of such a brief delay.

Finally, the fundamental question of whether petitioner has a valid interest in the debtor's reorganization proceeding – i.e., whether any equity interest remains – is entirely speculative at this point. Petitioner has not been precluded from protecting its own interests – whatever they may be – in the plan confirmation proceedings.

The petition will be denied. An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 00-3837 |
| | : | |
| OWENS CORNING | : | Chapter 11 |
| | : | |
| | : | |
| IN RE: THE MEMBERS OF THE AD HOC | : | |
| COMMITTEE OF PREFERRED AND | : | |
| EQUITY SECURITY HOLDERS | : | Civil Action No. 06-cv-00136-JF |

ORDER

AND NOW, this 23rd day of March 2006, upon consideration of the "Petition of the Members of the *Ad Hoc* Committee of Preferred and Equity Security Holders for Entry of an Order Providing for Relief in the Nature of Mandamus," and the responses, IT IS ORDERED:

That the petition is DENIED.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.